IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEST MEDICAL INTERNATIONAL, INC. *d/b/a* BEST NOMOS, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-1077 |
| v. | ) ) ) | Magistrate Judge Patricia L. Dodge/ District Judge W. Scott Hardy |
| BUCHANAN INGERSOLL & ROONEY P.C., | ) ) ) | |
| Defendant and Counterclaim- Plaintiff, | ) ) ) ) | |
| v. | ) ) | |
| BEST MEDICAL INTERNATIONAL, INC. *d/b/a* BEST NOMOS, | ) ) ) | |
| Counterclaim- Defendant. | ) ) ) | |

## **MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff's Objections (Docket Nos. 73, 75) to the Report and Recommendation (Docket No. 66) ("R&R") of Magistrate Judge Patricia L. Dodge entered in this case on March 15, 2021. The R&R recommends granting Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 23) pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismissing Plaintiff's claims for misrepresentation (Count II), breach of fiduciary duty (Count III), and declaratory judgment (Count IV), as well as Plaintiff's demands for lost opportunity damages, disgorgement, and costs and attorney fees with respect to

1

its breach of contract claim (Count I). (Docket No. 66 at 13). Service of the R&R was made on all parties. On March 29, 2021, Plaintiff filed timely Objections to the R&R, to which Defendant filed a response in opposition on April 12, 2021 (Docket No. 86). Plaintiff filed a reply in support of its Objections on April 20, 2021 (Docket No. 95), and Defendant filed a sur-reply in opposition on April 26, 2021 (Docket No. 98). Plaintiff objects to the recommendation that the Court dismiss his breach of fiduciary duty claim (Count III), and asks the Court to modify the R&R by reinstating that claim as well as the relief requested therein, including but not limited to equitable and punitive damages as well as other relief applicable to the allegations of breach of fiduciary duty. According to Plaintiff, Magistrate Judge Dodge erred in finding that its breach of fiduciary duty claim is barred by the gist of the action doctrine because she failed to address averments that relate to Defendant's fiduciary duties owed to Plaintiff that are separate and distinct from the agreement at issue in this case and, additionally, that she erred in finding that Defendant's tortious statements were shielded by judicial privilege.

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. See id. Upon careful *de novo* review of Plaintiff's First Amended Complaint, Defendant's Partial Motion to Dismiss, the parties' briefs filed in connection with the motion, the R&R, Plaintiff's Objections, Defendant's response in opposition, Plaintiff's reply, and Defendant's sur-reply, the Court concludes that the Objections do not undermine the R&R's recommended disposition. Accordingly, the Court enters the following Order:

AND NOW, this 14th day of July, 2021,

IT IS HEREBY ORDERED that Plaintiff's Objections to the R&R (Docket Nos. 73, 75) are OVERRULED, and the R&R (Docket No. 66) is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b) (Docket No. 23) is GRANTED, and Counts II, III, and IV, as well as the demands in Count I for lost opportunity damages, disgorgement, and costs and attorney fees, in Plaintiff's Amended Complaint (Docket No. 21) are DISMISSED for the reasons set forth in the R&R.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record.