IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., d/b/a BEST NOMOS, <br><br> Plaintiff, <br><br> vs. <br><br> BUCHANAN INGERSOLL & ROONEY PC, <br><br> Defendant. | Civil Action 2:20-1077 |

## MEMORANDUM ORDER

On March 2, 2021, at the parties' request, the Court appointed Richard F. Rinaldo as a special master (the "Special Master") (ECF No. 65) to review a substantial number of documents to which Plaintiff Best Medical International, Inc. ("BMI") has asserted one or more privileges. The Special Master performed a substantial body of work which culminated in the issuance of a Report and Recommendation (ECF No. 110), a Supplemental Report and Recommendation (ECF No. 136) and a Second Supplemental Report and Recommendation (ECF No. 139).

BMI has asserted objections (ECF Nos. 117, 137 and 141, respectively) to each of the Special Master's Reports. Defendant Buchanan Ingersoll & Rooney PC ("Buchanan") has also submitted responses to BMI's objections (ECF Nos. 123, 144). In resolving BMI's objections, the Court reviews the Special Master's Reports and Recommendations ("R&R") de novo pursuant to Federal Rule of Civil Procedure 53(f)(3) and (4).

A summary of the procedural history of the Special Master's efforts and the multiple issues that arose throughout this process is thoroughly set forth in the R&R's and will not be repeated in this order. Suffice it to say that as set forth in the Special Master's Supplemental R&R and Second

Supplemental R&R, the tortured resolution of privilege issues has been prolonged by a host of issues, including the vast number of documents to which a privilege has been asserted and a series of errors by BMI in identifying and producing the documents that were required to be reviewed.

The Court has reviewed each of the documents about which BMI has asserted objections to the Special Master's determinations as well as the parties' submissions and makes the following findings and conclusions.

### Report and Recommendation dated December 7, 2021 (ECF No. 117)

With respect to the documents that are addressed in the R&R dated December 7, 2021, the Court agrees with the Special Master's conclusions, as well as the sound analysis that forms the basis for his conclusions, with respect to the majority of documents that were subject to his review. In large measure, therefore, the Court finds that Plaintiff's Objections (ECF No. 117) are without merit.

Thus, with respect to the following documents, Plaintiff failed to meet its burden to demonstrate that they are protected from disclosure based on either an attorney-client or work product privilege (grouped in the same manner as BMI's objections):

- 21037, 21038, 21029
- 23578
- 24806, 24807, 24808, 24809, 24812, 24813, 24814, 24815, 29346, 29347, 29349, 29350, 29351, 29352, 29353, 29354, 29355, 29356
- 24831
- 32288
- 33183

- 34113

- 5881, 33748, 33750, 33752, 33755, 33756, 33757, 33759, 33761, 33763, 33764, 33765, 33768, 33770, 33773, 33775, 33776, 33777, 33779, 33782, 33783, 33785, 33786, 33788, 33789, 33790, 33791, 33793, 33795, 33797, 33798, 33800, 33801, 33802, 33804, 33806, 33808, 33811, 33812, 33814, 33815, 33817, 33819, 33822, 33824, 33826, 33829, 33830, 33831, 33833, 33835, 33838, 33840, 33841, 33843, 33844, 33845, 33847, 33850, 33853, 33856, 33858, 33861, 33862, 33864, 33866, 33869, 33871, 33872, 33873, 33874, 33877, 33878, 33879, 33880, 33882, 33883, 33886, 33887, 33888, 33890, 33892, 33894, 33910, 33927, 33938, 33949, 33951, 33953, 33955, 33962, 33965, 33966, 33967, 33973, 33975, 33984, 33985, 33990.[1]

As to the latter list of documents, a further explanation is useful. All of these documents are pages from statements for professional services that were issued by Buchanan to BMI over the course of its representation of BMI. With respect to some of these documents, the only evidence of anything that conceivably could represent work product, as claimed by BMI, are a highlight of the title of the matter for which the invoice was submitted and/or the total amount of the invoice only, a single asterisk, a single word, or a single circle around a portion of the document (See, e.g., document numbers 33761, 33779, 33793, 33822, 33866, 33910, 33930 and 33940). These notations are insufficient to establish work product even if BMI had otherwise met its burden to demonstrate that its other redactions are proper. Moreover, as the testimony of Mr. Guzman confirms (ECF No. 123, Ex. A, at 127-128, 132), and as the Special Master properly concluded, the redacted entries represent a review done in the ordinary course of business, i.e., as part of an

---

[1] Except for the document starting with Bates number 5881, which is fully redacted, these documents are redacted only in part. The numbers identified above represent the page numbers of multi-page documents in which one or more redactions were made.

3

effort to lower Buchanan's invoices. Thus, as he acknowledges, the purpose of Mr. Guzman's efforts was to provide business analysis, and the nature of the redactions does not reflect attorney work product in anticipation of litigation.

There are several documents in which the Court does not accept the recommendation of the Special Master. With respect to documents that are identified as Bates numbers 28400, 28403 and 28404, the Court agrees with BMI's contention that these documents represent business advice infused with legal advice, and therefore, they may be withheld from production. The Court reaches the same conclusion regarding the document with Bates number 32296.

With respect to Bates number 30902, the Court does not accept the Special Master's recommendation or BMI's assertion that the document reflects any *privileged* communications between Krish Suthanthiran and Schwisberg. There is no legal advice or client communication seeking legal advice in either of the emails at issue. Therefore, this document shall be produced without redactions.

Regarding the document with Bates number 34088, which the Special Master found was not privileged, BMI asserts that all of it, with the exception of an email from Ms. Dunston, is privileged. The Court concludes that the only privileged email is the May 5, 2020 email from Mr. Brady to Mr. Suthanthiran at 2:56 a.m. That entry may be redacted; the remainder of the document must be produced.

Finally, BMI states in its objections that the document bearing Bates number 24383 is not relevant to the issues in this case and will be clawed back. The Court agrees that this document may be clawed back.

4

### Supplemental Report and Recommendation dated January 7, 2022 (ECF No. 136)

In connection with the Supplemental R&R, the Special Master was asked to review 179 additional documents that, through an inadvertent error by counsel for BMI, were not submitted to the Special Master for review. After he received and reviewed these documents, the Special Master submitted a Supplemental R&R in which he recommended that 65 of the 179 documents were not subject to any privilege and should be produced. As to another 24 documents, he recommended that BMI had waived any assertion of privilege regarding these documents as they appeared to have been produced to Buchanan in fully unredacted form.

BMI filed objections to the Supplemental R&R (ECF No. 137). In its objections, it argued that the Special Master had exceeded his authority by making a determination of waiver, and in any event, his determination was not supported by the evidence. BMI also asserted objections to the Special Master's recommendation that certain documents in the group of 179 are not privileged.

As outlined below, however, due to additional issues that came to light after the Supplemental R&R was issued, a Second Supplemental Report and Recommendation was issued by the Special Master on February 9, 2022 (ECF No. 139). For that reason, the Court will review Plaintiff's objections to both the Supplemental and Second Supplemental R&R below.

### Second Supplemental Report and Recommendation

As discussed in some detail in the Second Supplemental R&R, the Special Master concluded that the "redacted" file of 179 documents that BMI had sent to him for his review was different than what it had produced to Buchanan. Despite initial resistance from BMI, he was ultimately able to determine that other than 24 documents, the file that he received corresponded

with the documents received by Buchanan. As he states in the Second Supplemental R&R, "thus, a privilege was not waived" as to these 24 documents. The Special Master re-examined these 24 documents, also noting that other than as it relates to these documents, the recommendations in his Supplemental R&R, as reflected in Exhibit A to the R&R, remain unchanged.

In its Objections to the Second Supplemental R&R (ECF No. 141), BMI first notes that the finding of waiver was not "formally or specifically withdrawn" and requests a specific order that sustains his objection. The Court disagrees. It is readily apparent, and the Court finds, that the Special Master explicitly stated that a privilege was not waived by BMI.[2]

The Special Master found that 19 of the 24 documents were privileged. BMI objects to the findings of the Special Master regarding documents 03339, 03710 and 04471 in the Second Supplemental R&R. The Court accepts the recommendations of the Special Master regarding these three documents. Having reviewed them, the Court finds that BMI has failed to meet its burden to show that either of the communications between Mr. Brady and Mr. Son as reflected in documents 03339 and 03710 is subject to the attorney-client or work product privilege. Further, the email of August 31, 2020, from Ms. Speranzo to Mr. Guzman in document 04471 represents a business-related, not a privileged, communication. The Court agrees with BMI that the second sentence in the first paragraph may be redacted.

As to the documents identified by the Special Master in Exhibit A to his Supplemental Report, the Court makes the following findings. After review, the reasoning, analysis and recommendation of the Special Master is accepted regarding the following documents. Plaintiff

---

[2] Buchanan has since filed a Motion for a Ruling that BMI has Intentionally Waived Privilege Regarding Previously Produced and Related Documents (ECF No. 149) which is pending before the Court at this time and will be addressed separately.

failed to meet its burden to show that any privilege attaches to those portion or portions which are currently redacted:

- 00846; 00851; 00932; 03339; 03710; 04053; 04055; 04113; 04237; 04240; 04248; 04288; 04376; 04388; 04431; 04435; and 05836

With respect to document 02784, the Court agrees that BMI's redactions are appropriate. As BMI indicates, it does not appear that the Special Master reviewed this document.

Therefore, this 31st day of March 2022, it is ORDERED that the Special Master's Report and Recommendation, Supplemental Report and Recommendation and Second Supplemental Report and Recommendation are adopted in part and not accepted in part as outlined herein. BMI shall produce the documents that are the subject of this opinion no later than April 15, 2022.

BY THE COURT:

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge