**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

BEST MEDICAL INTERNATIONAL, INC., )
)
)
Plaintiff, )
) Civil Action 2:20-1077
vs. )
)
BUCHANAN INGERSOLL & ROONEY PC, )
)
)
)
Defendant, )

**MEMORANDUM ORDER**

In March 2021, the Court issued an order (ECF 65) appointing a Special Master to review documents to which Plaintiff Best Medical International, Inc. ("BMI") has asserted a privilege and to prepare a Report and Recommendation ("R&R") regarding his findings. The Special Master performed these duties and issued three R&Rs.[1] Presently at issue is Defendant Buchanan Ingersoll & Rooney PC's ("BIR") Motion to Amend Order Appointing Special Master (ECF 113) to which BMI has submitted a Reply in opposition (ECF 132).

The Order Appointing Special Master provides in relevant part that the Special Master shall be compensated at his customary hourly rate and that BMI and BIR shall each pay 50% of his fees and expenses. The Court is advised that the parties have done so to date. In its motion, BIR requests that the Order be amended to require BMI to pay 100% of the Special Master's fees and costs generated before June 24, 2021 because of its position that his work before that date was rendered useless by BMI's conduct. Further, BIR seeks a reapportionment of the fees and costs incurred after June 24, 2021 regarding the Special Master's privilege review such that BMI should

[1] By order dated May 23, 2022 (ECF 182), an additional matter was referred to the Special Master that is not relevant to the issues discussed herein.

be required to pay 75% rather than 50% of these fees and expenses. BIR contends that this revised assessment of fees would account for their unnecessary escalation due to BMI's conduct and overuse of the attorney-client privilege. BIR's motion provides a detailed summary of the grounds for its requests, including multiple issues associated with identifying the privileged documents and the operative privilege logs and inconsistencies with between the privilege logs and what was produced to BIR, all of which led to inefficiencies, more work by the Special Master and correspondingly higher fees.

In its response, BMI notes, among other things, that BIR has not met the standard set forth in the order appointing the Special Master. Paragraph 12 of the order provides in part that the Special Master shall inform the Court if he determines that either party has egregiously failed to comply with a discovery request so that the Court can reconsider the initial fee-splitting arrangements. BMI asserts that the Special Master made no such determination or informed the Court that his work was increased as a result of an egregious failure by BMI. BMI also argues that regardless of any issues regarding the privilege logs and its document productions, these issues did not increase the amount of work that was necessary. BMI asserts that simply because the volume of documents increased, thereby requiring additional review time, this was not the result of any misconduct on its part. It also notes that the Special Master agreed with BMI's assertion of privilege with respect to the vast majority of the documents submitted for review.

There is no question that BMI's document productions and corresponding privilege logs had issues, to say the least. Some of the issues appear to have been created by BMI's prior counsel, while others appear to have been the result of inadvertent errors. The Court recognizes that these flaws may well have caused BIR to incur additional time and effort to respond to these issues. At the same time, the Court is unable to conclude that all of the Special Master's time before June 24,

2021 was without any purpose even if some of this time was spent reviewing the 179 documents that later became the subject of his Supplemental R&R. Notably, his time entries during this time period reflect activities other than document review (*see* ECF 135, Ex. I), and the Court cannot assess whether his subsequent review of the same documents was aided, or not, by his earlier review. Moreover, the Special Master states in his Supplemental R&R that his review of these documents at that time was the result of an "inadvertent error" by counsel for BMI, not any conduct that he determined to be egregious.

Likewise, while there clearly were on-going issues regarding BMI's logs and document production after June 24, 2021 that may have impacted BIR, the Court finds no basis for concluding that the amount of time spent by the Special Master was substantially increased as a result or that BMI engaged in conduct that could be interpreted as intentionally obstreperous or done in bad faith. Therefore, the Court declines to shift any of the Special Master's fees to BMI.

For these reasons, BIR's motion is DENIED.

SO ORDERED this 22nd day of July, 2022.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge