IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEST MEDICAL INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BUCHANAN INGERSOLL & ROONEY PC, <br><br> Defendant. | Civil Action 2:20-1077 |

## MEMORANDUM ORDER

Presently before the Court is Defendant Buchanan Ingersoll & Rooney PC's ("BIR") Motion to Compel Supplemental Interrogatory Response and Production of Documents (ECF 174) to which Plaintiff Best Medical International, Inc. ("BMI") has responded in opposition (ECF 183).

In its motion, BIR requests further information regarding the terms of settlement reached in April 2022 between BMI and Varian (the "Varian Settlement") in connection with a lawsuit then pending in the United States District Court for the District of Delaware at Civil Action 18-1599 (the "Varian Litigation"). BIR previously represented BMI in the Varian Litigation but was discharged by BMI in March 2020. At that time, BMI had incurred substantial in legal fees related to BIR's legal work which remain unpaid and are a subject of BIR's counterclaims in this litigation.

In conjunction with a court-ordered mediation in the Varian Litigation, the Delaware Court issued an order on August 20, 2020 (the "Mediation Order") that includes the following language:

> 8. The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation or any other litigation (whether presently pending or filed in the future), and shall not be construed as or constitute an admission. Breach of this provision shall subject the violator to sanctions.

(ECF 174, Ex. 1.) According to BMI, this order was re-affirmed in August 2021 prior to another mediation scheduled in October 2021, which was then followed by a series of negotiations. BMI and Varian subsequently reached a settlement, the terms of which are confidential.[1]

In this litigation, BIR requested BMI to supplement its discovery responses regarding, among other things, its settlement negotiations with Varian. BMI refused to provide BIR with any information about the Varian Settlement, including the amount, citing in part the August 20, 2020 Order.

In its motion, BIR seeks information about the amount of the Varian Settlement as well as the production of the settlement agreement. In support of its position, BIR contends that the terms of the Varian Settlement are relevant in this case and that it has no other means to acquire this information. It notes that BMI has already revealed information about its prior settlement negotiations with Varian, including a potential settlement offer by Varian of $10 million in November 2020, and as such, cannot now claim that this information is confidential.

As to relevance, BIR argues that the amount of the settlement is directly relevant to its unjust enrichment claim since BMI has pleaded as an affirmative defense that no contract exists. BIR also claims that the amount of the settlement is evidence that may establish the reasonableness of the value of its services to BMI in the Varian Litigation. In addition, the terms of the settlement are relevant under Virginia law to its contract claim in determining if its fees were reasonable based on the "results obtained." *See Lambert v. Sea Oats Condo Ass'n,* 798 S.E. 2d 117, 183 (Va. 2017).

---

[1] While BMI does not expressly state in its Reply that the terms of the settlement are confidential, counsel for BMI advised the Court during a telephone conference that the settlement agreement includes a confidentiality provision.

BIR also states that one of BMI's experts, Stephen Tasher, has opined that its fees were excessive due to its lack of success on the merits, which, along the results obtained, are important issues in assessing the reasonableness of its fees. Thus, it contends, it should be able to argue that a measure of its success may be gauged from the amount of the settlement achieved in the Varian Litigation.

BIR discounts the significance of the confidentiality provision in the Mediation Order, noting among other things that in this case, BMI repeatedly disclosed settlement negotiations and the terms of a tentative settlement in connection with the Varian Litigation without any apparent concern about the terms of this order. Further, it claims, the confidentiality of the Varian settlement agreement can be protected by the Protective Order entered in this case. While it recognizes that it must make a heightened showing of the settlement's relevance given confidentiality concerns, it claims that it has met this burden.

As alternative relief, BIR requests that the $10 million tentative settlement be deemed as admissible evidence of the value of its services and to prove the success BMI obtained as a result of BIR's efforts. Further, it requests that the Court deem as an admitted fact that by November 2020, BMI had the ability to receive at least $10 million in settlement of the Varian Litigation and has received at least $10 million in the Varian Settlement.

BMI objects to the disclosure of the Varian Settlement and related information. It notes that this information is protected from disclosure by the Mediation Order issued by the Delaware Court and implicates the interests of parties other than BMI and BIR. Further, it asserts, this Court should not inject itself into the Varian Litigation or ignore or modify the confidentiality provisions provided by the Delaware Court.

BMI distinguishes *Kang Haggerty & Fetbroyt, LLC v. Hayes,* 2018 WL 4328251 (E.D. Pa. July 31, 2018), a decision on which BIR relies. In *Kang Haggerty,* the court allowed a law firm to obtain information about a confidential settlement entered into between its former client and the opposing party in the underlying litigation because its fee arrangement with a former client was contingent. Without this information, it had no other way to determine the fee to which it claimed to be entitled. BMI argues that unlike that scenario, BIR's fees were hourly, were documented in invoices submitted to BMI and therefore can be readily calculated without access to confidential information regarding the Varian Settlement. Thus, BMI contends that the amount of the Varian Settlement has no relevance to a determination of BIR's fees.

Further, BMI states that the amount of the Varian Settlement is not evidence of the success of BIR's work and that a significant amount of legal work was performed after BIR withdrew from the case. It also notes that BMI's experts had no difficulty in opining that its fees were reasonable despite lack of access to the terms of the settlement. In addition, BMI claims that Stephen Tasher, its expert, measured BIR's success, or lack thereof, with respect to specific tasks in which BIR engaged on behalf of BMI. According to BMI, Mr. Tasher's opinions relate to the unreasonableness of certain fees charged for specific tasks that resulted in unfavorable outcomes. Thus, BMI argues, the amount of the settlement has no bearing on the reasonableness of the fees charged by BIR during its representation of BMI in the Varian Litigation. BMI also notes that given the amount of work performed by other law firms after BIR was discharged, these is simply no way to determine to what extent BIR's work contributed to the amount of the settlement. Further, neither of BIR's experts opined that the $10 million tentative settlement was relevant to their opinions as to the value or "success" of BIR's work.

Finally, BMI asserts that it does not dispute the existence of a contract with BIR, that is, BIR's Engagement Letter. Citing *Loudoun Country Day Sch. V. Ridenour,* 107 Va. Cir. 92, 2021 Va. Cir. LEXIS 6, it claims that BIR's unjust enrichment claim is not available under Virginia law and thus, does not provide a basis for the relief sought by BIR.[2]

Having reviewed the parties' submissions and considered their positions, the Court declines to grant the relief sought by BIR. The terms of the Varian Settlement are confidential. The Court declines to modify the order of the Delaware Court or the terms to which BMI and Varian agreed, particularly given that Varian is not a party in this case and thus has not been heard on this issue.

Moreover, BIR has not demonstrated that despite the confidentiality provisions in the August 2020 Protective Order and in the settlement agreement itself, it meets the heightened standard that would justify its entitlement to this confidential information. Its fees were not premised on the outcome or success of the litigation but rather were based on its contractual agreement with BMI. Its fees were hourly, not contingent, and can be readily calculated. As stated in its counterclaim, BIR contends that BMI agreed to pay BIR for the legal fees generated and invoiced as a result of the legal services rendered. This obligation is not contingent on outcome or success. BMI's experts have opined that its fees are reasonable and its expert and lay witnesses can testify regarding the time and effort expended by BIR attorneys, the nature of the services rendered and the complexity of those services. *See Lambert v. Sea Oats Condo Ass'n,* 798 S.E. 2d 117, 183 (Va. 2017).

---

[2] Both parties also made arguments about BIR's motion to enforce attorney's lien (ECF 168) but as that motion was amicably resolved by the parties, these arguments need not be addressed.

With respect to the value of the legal services, BIR does not require production of the Varian Settlement to demonstrate the reasonableness of its fees.  Due to the very nature of negotiated settlements, the settlement amount does not, in and of itself, either prove or disprove the value of BIR's services. Indeed, its services could have brought significant value to BMI regardless of the outcome.  Moreover, at least according to BMI, while its expert, Mr. Tasher, disputes certain specific legal services by BIR and their lack of success, he does not provide an overall assessment of the value of BIR's work that might support BIR's claim that production of information about the Varian Settlement is relevant.

Regarding the "results obtained," BIR can point to its work throughout its representation of BMI are representative of results obtained.  Given that the $10 million potential settlement was discussed just a few months after its withdrawal, this may also represent evidence of the results of its work. At the same time, however, the final settlement was achieved several years after BIR's withdrawal from the Varian Litigation, during which time several successor law firms performed additional legal work for BMI. As a result, disclosing the amount of the settlement would not necessarily reflect the results obtained by BIR for BMI.

Thus, the information sought by BIR is not necessary to prove the reasonableness of BIR's fees in the Varian Litigation.

The Court also concludes that the alternative relief sought by BIR goes too far.  The $10 million tentative settlement may be admissible to reflect that the parties engaged in settlement negotiations during 2020 based on a value in that range.  Both BIR and BMI may present evidence as to if and how BIR's legal services impacted these negotiations. Without knowing more, however, including how that number was derived, how it was connected, if at all, to the potential value of the claim, and other unknown factors, the Court declines to find that this number is

6

admissible to **prove** the value of BIR's services or the success BMI achieved as a result of BIR's services. Whether it proves the value of BIR's legal services or the success of its efforts is a matter that must be addressed at a later point in these proceedings based upon all of the evidence. Similarly, without a full record, the Court cannot find as an admitted fact that BMI "had the ability" to receive at least $10 million in settlement or that it has received at least $10 million in the Varian Settlement.

A word of caution is in order, however. BIR may renew its motion at a later stage in this proceeding if BMI asserts legal arguments and/or offers any expert opinions or other evidence that critiques or disputes the reasonableness of BIR's fees based on the amount of the settlement achieved in the Varian Litigation. In that event, BIR may pursue further relief from the Court.

For these reasons, BIR's motion is DENIED without prejudice.

SO ORDERED this 22nd day of July 2022.

s/ Patricia L Dodge
PATRICIA L. DODGE
United States Magistrate Judge